UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>INDIA CHENEL GRAVES,<br><br>Defendant. | Criminal No. 06-21-04 |

**DETENTION MEMORANDUM**

The Defendant, India Graves, also known as Chi Chi, along with several other individuals, has been charged by indictment with conspiracy to distribute and possess with intent to distribute heroin, cocaine, cocaine base, phencyclidine and marijuana in violation of 21 U.S.C. § 846. The indictment contains over 100 counts, many of which name other co-Defendants instead of Graves. Along with the conspiracy charge, Graves is specifically charged with the following violations: unlawful possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C); unlawful possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(iii); unlawful possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C);unlawful use of a communication facility in violation of 21 U.S.C. § 843(b); unlawful destruction, alteration or concealment of records or tangible objects in federal investigations in violation of 18 U.S.C. § 1519;

using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); and aiding and abetting in violation of 18 U.S.C. § 2.

The government requested a detention hearing, which was held August 30, 2006. At the conclusion of the hearings, the Court found that Defendant Graves should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 19 U.S.C. § 3142(i)(1).

## Findings of Fact

At the detention hearing, the government proceeded by proffer. The government detailed three occasions on which law enforcement officers had found Defendant Graves in possession of drugs or guns. The most recent one began on January 26, 2006, when FBI and Metro Police Department (MPD) officers executed a search warrant at an apartment leased to Graves on Ridgecrest Court in southeast Washington, D.C. After breaching the front door, officers located Graves, co-Defendant Cinquan Blakney, and a 2-year-old child in one of the bedrooms. Officers also located co-Defendant Ralph Ingram and another unnamed individual in a separate room of the apartment. In the bathroom tub, officers found small plastic bags containing a total of 11 grams of heroin, 66 grams of cocaine powder, and 37grams of crack cocaine. On the floor of the bathroom, officers found an Uzi 9mm firearm containing one round in its chamber and 34 rounds in its magazine. Under a child's bed, officers found a Smith & Wesson handgun containing one round in its chamber and ten rounds in its magazine. Subsequent test firing of the two guns proved them operable.

In the kitchen, officers located a microwave oven and three scales. All four items found in the kitchen contained residue consistent with that normally left by illegal drugs. Officers also found mail addressed to Defendant Graves, and photos containing images of Graves, Blakney, and Ingram.

The next day, officers executed a search warrant on a Chrysler minivan registered to co-Defendant Blakney which was parked outside the Ridgecrest Court apartment. In the back seat, officers found a coffee grinder, razor blades, strainers, Ziplock bags, and plastic bottles containing quinine. The government proffered that these materials are consistent with those used in "cutting" and packaging cocaine.

The second occasion described by the government occurred on March 3, 2004. U.S. Marshals, in an attempt to locate another fugitive, knocked on the door of Defendant Graves's residence in the District of Columbia. After interacting with Graves, the marshals found a 40-caliber pistol on her person. Law enforcement officers subsequently executed a search warrant on this residence, during which they located personal effects of both Graves and co-Defendant Blakney. Officers also located $1000 in cash and a child's backpack containing the following: mannitol, quinine, Ziplock bags, and a coffee grinder.

Defendant Graves's earliest drug-and-gun offense occurred in 2003 when officers executed a search warrant at a residence on Yuma Street in southeast Washington, D.C. Officers found a female purse containing a loaded handgun and the personal effects of Defendant Graves. A source told officers that Graves had just left the building. Officers also found several handguns during their search at this location, along with over 1000 grams of marijuana.

The government also detailed Defendant Graves's involvement in impeding a federal investigation. According to the government, Graves removed objects from her Ridgecrest Avenue residence shortly after December 31, 2005, when a search warrant was executed at the home of co-

Defendant Blakney's relative. Law enforcement officers recorded Blakney telling Graves over the phone to "straighten everything up" and "take everything out." Officers also recorded Graves telling a relative of Blakney that she was "cleaning up the house." On another phone call, officers recorded Graves saying that [co-Defendant] Ralph Ingram "came and got everything."

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook* , 780 F.2d 1185, 1188-89 (5th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or

combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)). The same presumption under § 3142(e) arises when there is probable cause to believe that a defendant has used a firearm to commit a felony in violation of 18 U.S.C. § 942(c). *See* 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant Graves is charged in part of a conspiracy to possess and distribute large quantities of illegal drugs. Law enforcement officers repeatedly found Graves in possession of illegal drugs and guns. She is also charged with destroying evidence of the conspiracy and thus impeding a federal investigation. Thus, the charges are most serious.

The second factor, the weight of the evidence, also favors detention. The government has strong evidence against Defendant Graves in the form of drugs and firearms confiscated either from her home or her person. The government also has wiretap evidence of Graves discussing her involvement in impeding the federal investigation of the conspiracy.

The third factor, the history and characteristics of the defendant, also favors detention.

Defendant Graves is a mother of three and has strong ties to the community through her relationship to extended family and her consistent employment. She also has no known criminal history. Although these factors would suggest establishing release conditions, she is now charged with repeated offenses involving drugs and firearms and with destroying records to impede a federal investigation. The proffer of the government that the Defendant had her two small children in her home with drugs and loaded weapons, one being hidden under the mattress in the children's bedroom, gives the Court serious doubt as to her judgment and her compliance with any conditions of pretrial release.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The current charges before this Court against Defendant Graves involving narcotics and firearms clearly demonstrate that she is a substantial danger to the community. The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent to which unlawful possession of a firearm and drug trafficking wreak havoc on our communities, no place more so than in the District of Columbia.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community and concludes by a preponderance of the evidence that her pretrial release would constitute an unreasonable risk of flight. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably

assure the appearance of the Defendant as required and the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: September 7, 2006                              /s/
                                                     ALAN KAY
                                                     UNITED STATES MAGISTRATE JUDGE