UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

vs.

*Blakney, et al*
Re: INDIA GRAVES,
Defendant

CR Nº: 1:06-cr-00021-RBW- 4

**DEFENDANT INDIA GRAVES' MOTION FOR A BILL OF PARTICULARS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

INDIA GRAVES, by and through undersigned counsel and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, moves this Court to direct the Government to file a bill of particulars. Ms. Graves seeks a bill of particulars so that, among other things, he may adequately prepare his defense and avoid prejudicial surprise at trial.

**I. PARTICULARS SOUGHT BY MS. GRAVES[1]**

1. Identify the exact date, time and place when Ms. Graves first participated in any overt act in support or furtherance of the claimed conspiracy[2].

---

[1] References to any allegation or matter in this motion and incorporated memorandum in order to obtain the particulars of the alleged facts or matters do not constitute an admission.

[2] "Identify" when used in reference to a natural person means to state his or her: (1) full name; (2) present or last known business and residence addresses and telephone numbers; (3) present or last known official business position; and (4) business affiliation, address and title. "Identify" when used in reference to a business entity means to state its: (1) full name; (2) present or last known form of organization (e.g., corporation, partnership); and (3) present or last known address of its principal place of business. "Identify" when used in reference to a document means to provide, with respect to it, the following information: (1) the date or approximate date and (2) its title or heading, nature (e.g., letter, telegram, memorandum), substance, and location, with sufficient particularity to enable it to be easily identified by its custodian in response to a subpoena duces tecum or a motion to produce. "Describe" means to provide with respect to any act, occurrence, transaction, event, statement, communication or conduct all facts concerning any

2. Identify the exact date(s), time(s) and place(s) when Ms. Graves engaged in any subsequent overt act(s) in support of the claimed conspiracy.

3. Describe the nature of any acts or statements Ms. Graves allegedly engaged in or uttered to further the alleged conspiracy. Include the name, address and phone number of each person present when such acts were committed.

4. Describe how state or federal law enforcement officials determined Ms. Graves was involved in a conspiracy. Produce all information or evidence supporting this belief.

5. Identify the exact date, time and place when the conspiracy began. State the name, address and phone number of all persons present when the conspiracy began.

6. Identify the exact date, time and place when\where Ms. Graves joined in the conspiracy. State the name, address and phone number of all persons present when Ms. Graves joined the conspiracy.

7. Identify the date and location of each overt act alleged in the Indictment. List the name, address and phone number of all persons present at each alleged overt act.

8. Identify the name, address and phone number of all persons having knowledge, demonstrating that defendant "conspired" with anyone.

9. Identify and provide addresses and phone numbers of all persons who were allegedly co-conspirators with the defendant. Specify when they joined or left the conspiracy and describe their participation.

10. Identify the "persons known" alleged to be part of the conspiracy in Count I and a full description of the persons "unknown" also alleged to be part of the conspiracy in Count I.

---

such act, including but not limited to, a description of each act, the date, the location, and the names and addresses of all persons involved.

11. Describe whether the alleged conspiracy was express or implied on the part of defendant and each co-conspirator. If express, state the express agreement. If implied from acts, meetings or statements, describe them.

## II. ARGUMENT

Rule 7(f) of the Federal Rules of Criminal Procedure permits the Court to direct the Government to state with particularity the allegations against a defendant so he will be sufficiently informed of the charge which he will have to defend at trial. Fed. R. Crim. P. 7(f). For the reasons set forth below, the Court should direct the Government to file a bill or particulars.

The Indictment in this case fails to provide Ms. Graves with sufficient information as to the charges against her. Under such circumstances, when the indictment is too vague, a bill of particulars is necessary. *United States v. McDade*, 827 F. Supp. 1153, 1187 (E.D. Pa. 1993)(citations omitted). Thus, the Court should order the Government to file a bill of particulars of the matters alleged in the Indictment[3].

Rule 7(f) of the Federal Rules of Criminal Procedure empowers the Court to direct the Government to file a bill of particulars. Fed. R. Crim. P. 7(f). The Court has "very broad discretion" in ruling on such requests. *Will v. United States,* 289 U.S. 90, 98-99 (1967). "The proper office of a bill of particulars in criminal cases is to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial," and when necessary for those purposes, it is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature," and an accused is entitled to this "as a right." *United States v. United States Gypsum, Co.,* 37 F. Supp. 398, 402

---

[3] An indictment need not be invalid for vagueness for the court to grant a bill of particulars. Seeking a bill of particulars is the "proper course" even where an indictment is "sufficiently detailed" to "apprise" the accused of the charge against him so that he can prepare his defense" and "enable" the accused to plead the Double Jeopardy bar to reprosecution if he is later charged with the same offense." *United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1046-47 (4th Cir.1987).

(D.D.C. 1941)(emphasis added); *see also United States v. Butler,* 822 F.2d 1191, 1193 (D.C. Cir. 1987)("A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges [and] to prepare a defense…."); *United States v. Fletcher,* 74 F.3d 49, 53 (4th Cir. 1996)("The purpose of a bill of particulars is to amplify the indictment by providing missing or additional information so that the defendant can effectively prepare for trial."), *cert. denied,* 519 U.S. 857 (1996).

Rule 7(f) no longer requires a showing of cause before a court may order a bill of particulars. Fed. R. Crim. P. 7(f). The rule is "designed to encourage a more liberal attitude by courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual case." Notes of Advisory Committee on Rules, 39 F.R.D. 69, 170 (1966). Indeed, defendants must be given the benefit of the doubt in "gray areas." United States v. Thevis, 474 F. Supp 117, 124 (N.D. Ga. 1979), aff'd all other grounds, 665 F.2d 616 (5th Cir. 1982). "The net result of the change seems to have been to increase the instances in which particulars are granted, thus contributing to a desirable decline in the 'sporting theory' of criminal justice." *United States v. Addonzio*, 451 F.2d 49, 64 (3d Cir. 1971), *cert. denied*, 405 U.S. 1048 (1972); *see also* Advisory Committee Note to Fed. R. Crim. P. 7(f).

Any reluctance by the Government to reveal its case "must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del 1971). Thus, while the justification for particulars in this instance are manifest, any uncertainties as to whether a bill of particulars should be provided in this instance should be resolved in favor of disclosure to Ms. Graves. *See United States v. Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985) ("If the competing interests of the defense and the Government are closely

balanced, the interests of the defendant in disclosure must prevail.”).

The Government’s alleges that Ms. Graves conspired with certain unnamed persons to possess with the intent to distribute PCP. The Court should require the government to disclose identities of the unnamed co-conspirators. *See United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998)(names of unindicted co-conspirators to be provided in bill of particulars). Unless Ms. Graves is provided with the requested information, he will be severely prejudiced at trial, because he will not have sufficient time to rebut the Government’s allegations that he had anything to do with this so-called PCP conspiracy. *See United States v. Hsia*, 24 F. Supp. 2d 14, 30-32 (D.D.C. 1998)(ordering particulars as to, *inter alia*, unnamed co-conspirators and to how defendant caused alleged false statements to be made)(citations omitted).

**WHEREFORE**, for the foregoing reasons, and any others which may appear to the Court, Ms. Graves requests that the Court grant her motion for a bill of particulars.

Respectfully submitted,

________/s/_______________

Jensen E. Barber II
Law Offices of J. E. Barber, PC
400 7th Street NW
Suite 400
Washington, D.C. 20004-2242
202-737-8511
jebarberpc@aol.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 4, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the attorneys of record in the above-captioned case

_________/s/_____________

Jensen E. Barber II

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

vs.

Blakney, et al
Re: INDIA GRAVES,
Defendant

CR Nº: 1:06-cr-00021-RBW-4

**ORDER**

Upon consideration of Defendant GRAVES' Motion for Bill of Particulars and any response thereto, it is this ____ day of October 2007, hereby

**ORDERED** that the requested relief is **GRANTED**; and it is further

**ORDERED** that the Government is ordered to provide the requested information in a Bill of Particulars on or before November 20, 2007.

______________________________
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE