UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>Blakney, et al<br>Re: INDIA GRAVES,<br>                Defendant | CR Nº: 1:06-cr-00021-RBW-4 |

**MOTION TO DISMISS FIREARMS COUNTS OF THE INDICTMENT**

Defendant, India Graves, by and through her attorney, moves the Court to dismiss Counts Eighteen (18), Nineteen (19), Twenty (20) and Twenty-one (21) of the Indictment – all of which charge firearms offenses – on multiplicity grounds

The reasons are as follows:

<u>Factual Background</u>

1. Defendant, India Graves, is charged in separate counts of the Indictment with violations of 18 U.S.C. 924(c)(1) – Using, Carrying and Possessing a Firearm During a Drug Trafficking *Offense, i.e.*, Counts Seven, Eighteen, Nineteen, Twenty and Twenty-one. Four of the five charged offenses are alleged to have been committed on or about January 26, 2006. Two firearms are charged to wit: an Uzi 9mm gun (Counts 18, & 19), and a .40 cal. Smith & Wesson semi automatic handgun (Counts 20, & 21). Count Seven alleges a 924(c)(1) offense relating to a Taurus .40 cal semiautomatic possessed on/a March 3, 2004.

2. The government alleges that the two firearms described in the Indictment at Counts 18-21) were seized during the execution of a search warrant for premises 2101 Ridgecrest Court, S.E. Apt. 204, Washington, D.C. on January 26, 2006; that being so, the firearms were allegedly seized on the same

date from the same location.

3. Defendant contends that the firearms' counts of the indictment are multiplicitous, in that a single violation is charged in multiple counts for the reasons stated below.

## Argument[1]

4. Counts 18, 19, 20, and 21, charge Defendant, Ralph Ingram and co-defendants, Cinquan Blakney, India Graves and Tristan Sellers, jointly with the 18 U.S.C. 924 (c)(1) violations. Each charge is alleged to have occurred on January 26, 2006. Counts 18 and 20, charge the Uzi 9mm and the .40 cal. S&W as related to Count 1 – Conspiracy and Counts 19 and 21 charge the same firearms as related to Counts 11, 12, & 13. - Unlawful Possession with Intent to Distribute cocaine base, cocaine and heroin. As stated above, it appears that the government alleges that the firearms were seized on January 26, 2006 during the execution of the search warrant for 2101 Ridgecrest Court, Apt. 204, Washington, D.C.

5. Count One of the Indictment charges all Defendants with a Conspiracy under 21 U.S.C. 846, among other things, to unlawfully distribute and possess with intent to distribute cocaine, cocaine base and heroin. Counts 11, 12, & 13, charge the substantive offenses of PWID cocaine base, cocaine and heroin – all on January 26, 2006.

6. Defendant, India Graves, contends that the four 18 U.S.C. 924(c)(1) Counts are multiplicitous in that the same 924(c)(1) offense is charged in the four counts.

7. In the case of *United States v Johnson*, 25 F.3d 1335 (6th Cir. En banc 1994) during the execution of a search warrant at defendant's residence, two firearms and two different types of

---

[1] As written by William Garber, appreciated and amended.

controlled substances were found. Defendant was indicted for PWID of each of the controlled substances and a separate 924)c)(1) count for each of the PWID counts. On these Counts he received consecutive sentences. The majority of the en banc Court, applying the rule of lenity and *Church of the Holy Trinity v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511,512, 36 L. Ed. 226 (1892) held "the laws must have a sensible construction. In this case, a sensible construction dictates that possession of one or more firearms in conjunction with predicate offenses involving simultaneous possession of different controlled substances should constitute only one offense under § 924 (c )(1), and the sentences under 924 (c )(1) should be for one offense only."

8. *United States v. Anderson*, 59 F.3d 1323 (D.C. Cir. En banc 1995), involved four convictions under 18 U.S.C. 924(c) (1). Two of the charges involved separate firearms seized at separate locations on separate dates. Two involved simultaneous possession of weapons at two different locations. The majority of the en banc panel held that only one 924( c)(1) violation may be charged in relation to one predicate crime. (*Id* 1334). In that case, the four convictions were tied to the narcotics conspiracy. After a detailed analysis of the statute, legislative history, and decisions from other Circuits, the majority concluded 'that at a very minimum §924( c) (1) is ambiguous. The rule of lenity must, therefore, govern application of the statute.' (*Id* at 1333).

9. Defendant contends that the government has charged the 924 c)(1) offenses in such a manner that a single offense is charged in four separate counts, permitting multiple convictions. As was held in *United States v. Cappas*, 29 F.3d 1187, 1189 (7th Cir. 1994). ". . .the use of multiple guns in a single drug conspiracy will not support multiple convictions under &924( c)." cited in *United States v. Anderson, supra* at 1328.

10. As the crime of Conspiracy charged in Count One of this case, embraces as its objects the

possession and distribution of cocaine base, cocaine, and heroin, and that the two firearms charged in this case are alleged to have been related to the Conspiracy and its objects at the same location and on the same date, only one §924(c) charge is permissible. *United States v. Johnson*, *Id* at 25 F.3d 1335 (6th Cir. *En Banc* 1994).

**WHEREFORE**, Defendant prays that this motion be granted and that only one 924(c) (1) charge is permissible and the remaining firearms' charges in the Indictment be dismissed as multiplicitous.

Respectfully submitted,

_____
Jensen E. Barber II
Law Offices of J. E. Barber, PC
400 7th Street NW
Suite 400
Washington, D.C. 20004-2242
202-737-8511
Jebarberpc@aol.com
On Behalf of India Graves

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 23, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the attorneys of record in the above-captioned case.

_____/s/_____
Jensen E. Barber II

. UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **vs.** | C №: 1:06-cr-00021-RBW-4 |
| *Blakney, et al* <br> **Re: INDIA GRAVES,** <br>     **Defendant** | |

## ORDER

Upon consideration of Defendant Graves' Motion to Dismiss Firearms Counts of the Indictment and any response thereto, it is this _____ day of October 2007, hereby,

**ORDERED** that the requested relief is **GRANTED.**

_____
THE HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT COURT JUDGE