UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>Blakney, et al<br>Re: INDIA GRAVES,<br>                    Defendant | C Nº: 1:06-cr-00021-RBW-4 |

**DEFENDANT INDIA GRAVES'S MOTION TO IDENTIFY
WITNESSES WITH JUVENILE ADJUDICATIONS AND PENDING
JUVENILE PROCEEDINGS AND TO INSPECT
JUVENILE FILES PURSUANT TO DAVIS V. ALASKA AND
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant India Graves, by and through counsel, hereby moves this Honorable Court for an Order requiring the United States to disclose the identification of all witnesses with either juvenile adjudications or pending juvenile proceedings in order to assess whether the juvenile files contain information which form the basis of cross-examination pursuant to *Davis v. Alaska*, 415 U.S. 308 (1973). In support of this motion, Ms. Graves submits the following.

The United States will probably introduce testimony from witnesses who have prior adult convictions and, most likely, juvenile adjudications. There may be witnesses who have juvenile adjudications or pending adjudications from at least the jurisdictions of the District of Columbia, Maryland and Virginia.

Defendant seeks to inspect the past or pending juvenile files of all witnesses in this and other jurisdictions to assess whether to impeach those witnesses regarding bias. Before a request can be made for inspection, the United States must identify each witness with a juvenile adjudication or

pending proceeding and specify the jurisdiction.

In *Davis*, the Supreme Court directly confronted the competing interests of the government's right to protect the confidentiality of juvenile adjudications against the rights of an accused to confront a witness. The Court determined that the constitutional protections outweighed traditional concerns with juvenile proceedings. The Court wrote:

> We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-ex (citations omitted).… [W]e do conclude that the jurors were entitled to have the benefit of the defense theory before them so they could make an informed decision as to the weight to place on Green's testimony which provided a crucial link in the proof of petitioner's act (citation omitted). The accuracy and truthfulness of Green's testimony were key elements in the State's case against the Petitioner. The claim of bias which the defendants sought to develop was admissible to afford a basis for an inference of undue pressure because of Green's vulnerable status as probationer… [C]ounsel was unable to make a record from which to argue why Green might have been biased...
> *Davis*, at 316-318.

The Court further held that "whatever temporary embarrassment might result to [the witness]…is outweighed" by the defendant's confrontation right. *Id.*, at 320. The Federal Rules of Evidence recognize that juvenile adjudication may be admitted to attack credibility of an adult witness. See Fed. R. Evid. 609(d).

Defendant is unable to make a specific request to the Court until the United States identifies the relevant persons affected by this request. When such persons are identified, Ms. Graves asks this Court to follow the procedure set forth by the District of Columbia Court of Appeals in *Lewis v. United States*, 408 A.2d 303, 312 (1979):

> 1. If a defendant makes a timely pretrial request for impeachable convictions (deemed to include juvenile delinquency adjudications),

2

the prosecutor shall file a record of all accessible delinquency adjudications with the trial court, but not with defense counsel, along with a representation as to whether, to the government's knowledge, any juvenile adjudication, under the circumstances, can be said to imply the witness' bias against the accused.

2. If on the basis of the government's representation -- or later on the basis of the witness' testimony at trial -- the court concludes that the juvenile adjudication goes to bias, the court shall order its disclosure to the defense.

3. If the court concludes, prior to completion of the witness' testimony, that the adjudication does not go to bias, the court shall withhold it from the defense unless the court becomes convinced that impeachment of the witness on the basis of the adjudication is likely to be material to the outcome. In that case the court shall order its disclosure to the defense.

4. In the event of conviction, the trial court shall inform defense counsel as to whether it possesses a requested but undisclosed juvenile record. If it does, the court, in event of appeal, shall transmit that record under seal to this court, for consideration in accordance with the procedures established for the present case.

**WHEREFORE**, Defendant seeks an Order requiring the United States to disclose the identities of all witnesses with juvenile adjudications and/or pending juvenile proceedings to assess whether the files contain information which could form the basis of cross-examination relevant to bias and credibility.

Respectfully submitted,

_____/s/_____
JENSEN E. BARBER II
DC BAR Number 376325
400 7th Street, N.W.
Suite 400
Washington, D.C. 20004
(202) 737-8511
Counsel for India Graves

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 24, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the attorneys of record in the above-captioned case.

_____/s/_____
JENSEN E. BARBER II

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>Blakney, et al<br>Re: INDIA GRAVES,<br>                  Defendant | C Nº: 1:06-cr-00021-RBW-4 |

**O R D E R**

This matter having come before the Court upon the request of Defendant India Graves, that this Court order that the government Identify Witnesses with Juvenile Adjudications and Pending Juvenile Proceedings and to Inspect Juvenile Files Pursuant to *Davis V. Alaska*. Upon consideration of the defendant's motion, the entire record in this case, and any objection, it is therefore this_____day of _____,2007,

**ORDERED,** that the Defendant's Motion be and hereby is **GRANTED**

and it is,

**FURTHER ORDERED** that these documents be produced within the next 30 days.

**SO ORDERED.**

_____
REGGIE B. WALTON
United States District Court Judge