In The

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *versus* <br><br> INDIA GRAVES, <br> Defendant. | CR. No. 06-0021-4 (RBW) |

***DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS***

**COMES NOW** Defendant India Graves, by and through his counsel, Jensen Barber, pursuant to the 4th Amendment of the Constitution and respectfully requests that this Court suppress any evidence, physical or oral, seized directly or derivatively as a result of the execution of a search warrant at her home on March 3, 2004.

In support of this motion, defendant would state:

1. On March 3, 2004, Deputy US Marshals entered Ms. Graves' residence at 2303 Good Hope Court, SE, Apartment 203, Washington, D.C., which she shared with Cinquan Blakney.

2. The Deputies involved entered the premises without a warrant and without consent under the pretext of searching for a fugitive, one Kwame Blakney.

3. After searching the premises and finding contraband as well as eliciting incriminating statements from the occupants, the deputies then sought to obtain a DC Superior Court search warrant. A written affidavit was presented; however, the search commenced at 11:45 AM and

concluded at 1:05 PM. The warrant was obtained from Judge Goodrich and approved by the AUSA at 15:45 or 3:45 PM.

    4. Ms. Graves and others were rounded up and placed in the living room while officers continued the warrantless search.

    5. US Marshall Thomas O'Brian interviewed the then captive Ms. Graves and told her that a female deputy would search her for any weapons. At which time in response to O'Brian's custodial inquiry as to weather she had any weapons on her person, she responded affirmatively. The gun, a .40 caliber Taurus, semi-automatic was summarily retrieved from Ms. Graves' underwear.

    Based upon the foregoing recitation of facts, Ms. Graves seeks the suppression of the gun as well as any statement made by her and further suppression of each any every items seized at 2303 Good Hope Court, Apartment # 203.

    It is clear that the statements made by the occupants and the contraband located therein were obtained in violation of constitutional rights and must be suppressed. Moreover she was interrogated by the police while she was constrained and given these circumstances, she did not feel that she was at liberty to terminate the interrogation and leave. *Thompson v Keohane* (1995) 516 US 99. The presumptive warrant requirement applies with maximum force to searches of individuals, which are lawful only with a valid search warrant, or incident to a valid arrest. Neither were present here.

    "It is axiomatic that an incident search is may not precede an arrest and serve as part of the justification." *Smith v. Ohio*, 494 US 541, 543 (1990). " [A] search is not to be made legal by what it turns up. . . It is good or bad when it starts and does not change character from its success." Hill v. United States, 627 A.2d 975, 978-79 (D.C. 1993). Moreover, Ms. Graves'

statement that she had a weapon was the result of exploitation of the illegal entry. The statement and hence and any derivative use must be suppressed because it was not a sufficient act of free will to purge the primary taint. *Wong Sun v. United States*, 371 U.S. 471, 486 (1963). As a matter of due process, evidence obtained by a search and seizure in violation of the Fourth Amendment is inadmissible. *Mapp v Ohio* (1961) 367 US 643.

**WHEREFORE** based upon the foregoing, Defendant asks that this Court suppress her statement and any and all evidence obtained as a result of the warrantless search on March 3, 2004.

Respectfully submitted,

_____
JENSEN E. BARBER
Bar No. 376325
400 Seventh Street, N.W.
Suite 400
Washington, D.C. 20004
(202) 737-8511
***On behalf of India Graves***

Dated: October 24, 2007

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 24, 2007, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the attorneys of record in the above-captioned case.

_____/s/_____
JENSEN E. BARBER II

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>Blakney, et al<br>Re: INDIA GRAVES,<br><br>                     Defendant | C Nº: 1:06-cr-00021-RBW-4 |

**O R D E R**

This matter having come before the Court upon the request of Defendant India Graves, that this Court order the **suppression of statements made by her and items seized during the warrantless search of her home on March 3, 2004.** Upon consideration of the defendant's motion, the entire record in this case, and any objection, it is therefore this_____day of

_____,2007,

      **ORDERED,** that the Defendant's Motion be and hereby is **GRANTED,** and it is,

      **FURTHER ORDERED** that these documents be produced within the next 30 days.

      **SO ORDERED.**

 

                                          _____
                                          REGGIE B. WALTON
                                          United States District Court Judge