

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

**FILED**
APR 2 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 13, 2007

**BY EMAIL**

Jensen Barber, Esquire
400 7th Street, N.W., #400
Washington, D.C. 20004

      Re:    ***United States v. India Graves, et al.,***
                Criminal Number: 06-21-04 (RBW)

Dear Mr. Barber:

      This letter confirms the agreement between your client, India Graves, also known as Chi Chi, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**INDIA GRAVES'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS**:

      1. Your client, India Graves, agrees to admit guilt and enter a plea of guilty to Count One of the Information, charging your client with Maintaining Drug-Involved Premises, in violation of 21 U.S.C. 856(a). Your client understands that pursuant to 21 U.S.C. 856(b), the charge carries a penalty of a term of imprisonment of not more than 20 years or a fine of not more than $500,0000, or both. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client further understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be

subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2. Your client and the Government agree that a sentence of time served with a period of supervised release is the appropriate sentence for the offense to which your client is pleading guilty. Your client and the Government also agree that the Court may impose any fines, special assessments and/or period of supervised release against your client that are either required by law or which the Court deems, in its discretion, appropriate. The parties understand that this sentence may depart from the Federal Sentencing Guideline range that otherwise would be calculated by the Probation Office. The parties agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept an agreed upon sentence. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. The parties also agree that if the Court rejects the plea agreement, the Government may, in its discretion, withdraw from this plea agreement.

3. This offer is contingent upon Cinquan Blakney, Ralph Ingram, and your client accepting the terms of their respective plea agreements, and the court accepting each of those defendants' guilty pleas. These two contingencies are essential to the offer. If any single defendant among these three defendants refuses to accept their plea offer or fails to satisfy the Rule 11 plea litany conducted by the court, the Government may, in its discretion, withdraw from any and/or all of the plea agreements with these defendants and void any and/or all of the agreements and offers for any and/or all of these defendants.

4. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for approximately 50 grams of cocaine base, 66.5 grams of cocaine hydrochloride, and 12 grams of heroin, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client permitted to be stored in your client's residence for distribution or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of your client pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement.

5. In addition, your client agrees to waive your client's interest in and not contest the administrative forfeiture of any money, firearms, narcotics, vehicles or other property or

contraband seized by any law enforcement agency from the possession of or the direct or indirect control of your client as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

6. The government will not object to your client's release in this case only, pending sentence. As you are well aware, this decision is entirely in the Court's discretion, pursuant to 18 U.S.C. § 3143.

7. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

8. Your client understands that, except as otherwise agreed to, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the Government will be free to use against your client in any criminal or civil

proceeding any statements made during the course of any debriefing conducted during the pendency of this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

11. Your client agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court or to the probation officer or law enforcement officers, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence of your client (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the sentencing range based on that post-agreement conduct); (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided to her pursuant to this agreement. In the event that the United States determines that a breach of this Agreement has occurred, your client would have the right to seek a hearing before the Court at which the Government would be required to establish breach by a preponderance of the evidence.

12. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

### THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

13. This Office will request that the Court dismiss the Indictment against your client in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

### GENERAL CONDITIONS:

14. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia in Criminal Case Number 06-21 in the U.S. District Court for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

15. This agreement only binds the United States Attorney's Office for the District of Columbia with regard to the facts surrounding Criminal No. 06-21. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the Immigration and Naturalization Service of the Department of Justice, or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. If your client is not a citizen of the United States, and your client understands that a guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Immigration and Naturalization Service.

16. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY: _____
GEORGE ELIOPOULOS
ASSISTANT U.S. ATTORNEY

_____
ANTHONY SCARPELLI
ASSISTANT U.S. ATTORNEY

**DEFENDANT'S ACCEPTANCE**

I have read this plea agreement and have discussed it with my attorney, Jensen Barber, Esquire. I fully understand this agreement and agree to it without reservation. I do this

5

voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.  I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in her plea agreement.  I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 4/29/08

_____
INDIA GRAVES
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully.  These pages accurately and completely sets forth the entire plea agreement.  I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 4/29/08

_____
JENSEN BARBER, ESQUIRE
Attorney for the Defendant

Date: _____

_____
JOSEPH CONTE, ESQUIRE
Attorney for the Defendant