**FILED**

APR **2 9** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO.   06-21 (RBW)** —4 |
| v. : | **VIOLATIONS:** |
| **INDIA GRAVES,** : | (Maintaining Drug-Involved Premises, |
| also Chi Chi : | in violation of 21 U.S.C. 856(a)) |
| Defendant. : | |

## GOVERNMENT'S PROFFER OF EVIDENCE

1.   From 2005 to and including January 2006, the defendant, India Graves, also known as Chi Chi, occupied and maintained 2101 Ridgecrest Court, S.E., #204, Washington, D.C. During that time, the defendant along with her co-defendants Cinquan Blakney, Ralph Ingram Tristan Sellers, and others used the residence to knowingly and willfully combine, conspire, confederate and agree together and with persons both known and unknown to the United States to unlawfully, knowingly and intentionally distribute and possess with intent to distribute heroin, cocaine, crack cocaine, phencyclidine (PCP) and marijuana. The narcotics trafficking conspiracy with which defendant India Graves was associated with took place in Washington, D.C., Virginia, Maryland, California, and elsewhere.

2.   On January 26, 2006, the FBI executed a search warrant at 2101 Ridgecrest Court, S.E., # 204, Washington, D.C. On that day, law enforcement officers found defendant Graves, and co-defendants Blakney, Ingram and Sellers inside the residence. Recovered inside the residence were the following items: a clear plastic bag containing heroin, 72 ziplocks containing heroin, a clear bag containing 10 smaller bags of 1/8 ounce quantities of cocaine an additional quantity of cocaine, a plastic bag containing a quantity of cocaine, 87 ziplocks of crack cocaine on co-defendant Ingram's person, 3 scales, and $1,862 in U.S. currency.

3.   India Graves has carefully read each and every paragraph of the 115-count indictment in this case, and she has no knowledge of any fact that would contradict or otherwise put in dispute the accuracy and truthfulness of any fact or allegation in the indictment.

4.   The foregoing proffer of evidence is not intended to be an exhaustive statement of all facts known by the defendant relating to each incident or as to other matters relevant to the above-

described conspiracy. The foregoing proffer of evidence is only a limited statement of facts necessary to support the defendant's plea of guilty.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> United States Attorney
>
> _/s/_
>
> GEORGE ELIOPOULOS
> ANTHONY SCARPELLI
> Assistant United States Attorneys
> 555 4th Street, N.W.
> Washington, D.C. 20530
> (202) 514-7294

## DEFENDANT'S ACCEPTANCE

I have read the Government's Proffer of Evidence setting forth the facts as to my participation in a conspiracy to distribute and possess with intent to distribute heroin, cocaine, crack cocaine base, PCP, and marijuana, in violation of Title 21, United States Code, Section 856. I have discussed this proffer fully with my attorney, Jensen Barber, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 4/29/08

INDIA GRAVES
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read the government's proffer of evidence as to my client's participation in a narcotics conspiracy. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 4/29/08

JENSEN BARBER Esquire
Counsel for India Graves

2

## **21 U.S.C. 856(a)(1)**
## **Maintaining Drug-Involved Premises**

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. that the defendant opened, leased, rented, used, or maintained 2101 Ridgecrest Court, S.E., # 204, Washington, D.C.;

2. that the defendant knowingly and intentionally made 2101 Ridgecrest Court, S.E., # 204, Washington, D.C. available for use to others; and

3. that the defendant made 2101 Ridgecrest Court, S.E., # 204, Washington, D.C. available for the purpose of unlawfully possessing or distributing a controlled substance.