UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | CR Nº: 1:06-cr-00021-RBW- 4 |
| *Blakney, et al*<br>Re: INDIA GRAVES,<br>                    Defendant | |

## SENTENCING MEMORANDUM

INDIA GRAVES comes before the Court for sentencing on July 18, 2008.  She submits this Sentencing Memorandum for the Court's consideration**,** by and through undersigned counsel, Jensen E. Barber II.

Respectfully submitted,

_____/s/_____
Jensen E. Barber II
Law Offices of J. E. Barber, PC
400 7th Street NW
Suite 400
Washington, D.C. 20004-2242
202-737-8511
jebarberpc@aol.com
*Counsel for India Graves*

## I. **INTRODUCTION**

On April 29, 2008, the defendant, Ms. Graves, pursuant to a written plea agreement in accordance with Fed. R. Crim. Proc. Rule 11(c)(1)(C), entered a plea before this Court to one count of *Maintaining a Residence for the purpose of Manufacturing, Distributing, and Using a Controlled Substance.*[1] Neither counsel nor Ms. Graves offers any excuse for her actions. But the context of her life before and after the time of this incident, as discussed in detail below, is relevant, we respectfully submit, to the Court's determination that sufficient punishment is time served pursuant to terms of the Rule 11 plea. Kelly Griffin Cave prepared the Presentence Investigation Report ("PSIR") in this case. By Ms. Griffin Cave's calculation, the Court should consult an advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of 46 to 57 months. Notwithstanding, after *Booker,*[2] as Ms. Griffin Cave recognizes, a sentencing court, in determining a reasonable and just sentence, must consider a defendant's background, along with his applicable Guidelines range and the other sentencing factors set forth in 18 U.S.C. § 3553(a). An appraisal of these factors leads to the clear conclusion that a sentence within the Guidelines range would not represent a just punishment. We respectfully submit that a time-served sentence as contemplated by the Government and the Defense promotes respect for the law, affords adequate deterrence, and, most important, it would represent a just punishment.

---

[1] This offense carries a statutory maximum of 40 years and/or a $2,000,000 fine, and a mandatory-minimum sentence of five years.

[2] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005). Consolidated with *United States v. Fanfan,* 543 U.S. 220, 125 S.Ct. 738 (2005).

## II. FEDERAL SENTENCING SCHEME AFTER *BOOKER/FANFAN*

Prior to the Supreme Court's decision in *Booker*, the Sentencing Guidelines were mandatory and binding on all sentencing and appellate courts. *Booker*, 543 U.S. at 233-34. In *Booker*, the Court held that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee of a right to a jury trial. *Id.* at 232-36. In so doing, the Court reaffirmed the holding of *Apprendi v. New Jersey* that "[a]ny fact (other than a prior conviction)which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244 (reaffirming the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).To remedy the Sixth Amendment violation, the *Booker* Court did not strike down all of the provisions of the SRA relating to the Guidelines; rather, the Court excised the two provisions of the SRA which made the Guidelines mandatory on sentencing and appellate courts. *Id.* at 258-63 (severing and excising the two provisions, 18 U.S.C. § 3553(b)(1)[3] and 18 U.S.C. § 3742(e), that

---

[3]Under § 3553(a), a sentencing court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;
>
>     (C) to protect the public from further crimes of the defendant; and
>
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

made the Guidelines mandatory but leaving the rest of the Guidelines intact). Thus, *Booker* rendered

the Sentencing Guidelines advisory, but the Court stressed in that case that a sentencing court still

must take the Guidelines into account at sentencing along with the factors set forth in § 3553(a).

---

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such Guidelines by act of Congress(regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or (B) in the case of a violation of probation or supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3)of title 28, United States Code, taking into account any amendments made to such Guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.18 U.S.C. § 3553(a).

*Booker*, 543 U.S. at 264.  The *Booker* Court also instructed appellate courts to review a sentencing

decision for reasonableness. *Id*. at 260- 62. According to the Court, reasonableness review served

"to iron out sentencing differences." *Id*. at 263.  Recently, the Supreme Court decided two cases

which together explain in detail the mechanics of Booker's remedial holding. See *Gall v. United

States*, No. 06-7949, 2007 WL 4292116 (U.S. December 10, 2007); *Kimbrough v. United States*, No.

06-6330, 2007 WL 4292040 (U.S. December 10, 2007). In *Gall*, the Court instructed that the

sentencing court should first calculate the applicable Guidelines range. 2007 WL 4292116, at 7. This

starting point furthers Congress' desire for efficient administration and nationwide consistency

in sentencing. *Id*. After calculating the Guidelines range, the sentencing court must give both the

government and the defendant "an opportunity to argue for whatever sentence they deem

appropriate." Gall, 2007 WL 4292116, at 7. The sentencing court should then consider all of the §

3553(a) factors to determine whether they support the sentence requested by either party. Id.; see also

*Kimbrough*, 2007 WL 4292040, at 10 (noting that, while § 3553(a) requires the sentencing court to

give due consideration to the Guidelines, *Booker* allows the sentencing court to fashion the sentence

in light of other statutory considerations). In so doing, the sentencing court may not presume that the

Guidelines range is reasonable. *Gall,* 2007 WL 4292116, at 7. In the event the sentencing court

decides to impose a variance sentence, *i.e.*, one outside of the recommended Guidelines range, the

sentencing court "must consider the extent of the deviation and ensure that the justification is

sufficiently compelling to support the degree of the variance." *Id*. As noted by the *Gall* Court, it is

an "uncontroversial" proposition that a "major departure should be supported by a more significant

justification than a minor one." *Id.*

### III. <u>DISCUSSION</u>

After examining the facts in this case and applying all of the Section 3553(a) factors, we ask the Court to impose the negotiated sentence of time served. In effect this would result in a two-year sentence (including a good time factor of two months per year). This agreed upon  sentence, we submit, is no greater than necessary to achieve the goals of the SRA.

#### A. Nature and Circumstances of Offense and History and Characteristics of Ms Graves (18 U.S.C. § 3553(a)(1)).

Ms. Graves  has admitted to committing a very serious crime. She has already taken steps to prepare herself to earn a living legally after she was released from jail, on April 29, 2008. She attended Program Enrichment and has secured employment. PSIR at ¶ 49 Under the Guidelines, courts are not to consider a defendant's family ties and responsibilities and community ties. *See,* U.S.S.G. § 5H1.6. However, "the [G]uidelines' prohibition of considering these factors cannot be squared with § 3553(a)(1)'s requirement that the court evaluate the "history and characteristics" of Ms. Graves. *See United States v. Ranum,* 353 F.Supp.2d 984 (E.D. Wis. 2005).

The PSIR shows that Ms Graves has played an important role in the lives of her three children. PSIR at ¶¶ 35 through 41.

No one attempts to excuse or minimize Ms. Graves' offense.  However, others paint a picture of a woman who is loved and who respects others. Ms. Graves's further incarceration will have a profoundly adverse impact on her children and her family. She is not a person who needs to be institutionalized for more than the 20 months she has been incarcerated. Additional time will not benefit society. The PSIR in this case states that Ms. Graves has no prior convictions. See PSIR, at ¶ 28-30.

As mention above, Ms. Graves has displayed efforts toward offender rehabilitation, *i.e*., gaining

employment in order to support herself and her children and ending her relationship with Mr. Blakney. She has learned a very real lesson the hard way. She has a record of gainful employment. *Id.* at ¶¶ 50 through 54. She loves and  is loved by her family and friends. All of this shows that Ms. Graves can become a productive member of society.

### B. The Kinds of Sentences Available (18 U.S.C. § 3553(a)(3)).

Since the Guidelines are now advisory, the sentencing table and the restrictions on probationary sentences, sentences of home confinement, and split sentences in U.S.S.G. §§ 5A, 5B1 and 5C1 are also advisory. Notwithstanding, the offense to which Ms. Graves has pled guilty calls for no  mandatory term of imprisonment. 18 U.S.C. § 3553(a)'s parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of  punishment. Here, it is respectfully submitted that a sentence of time served is sufficient to achieve the goals of punishment.

### C. Guidelines Range (18 U.S.C. § 3553(a)(4) & (a)(5))

The PSIR writer has correctly calculated the recommended Guidelines range to be 46  to 57 months imprisonment. *Id.* at 59. The Guidelines also recommend a fine in the range of $10,000 to $500,000. *Id.* at ¶ 72. For the reasons set forth by the PSIR writer, we ask the Court not to impose a fine in this case. *Id.* at ¶ 57.

### D. The Need to Avoid Unwarranted Sentence Disparities Among Defendants With Similar Records Who Have Been Found Guilty of Similar Conduct (18 U.S.C. § 3553(a)(6)).

Section 3553(a)(6) directs sentencing judges to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Ms. Graves has not pled guilty to conspiracy to possess with the intent to distribute a controlled substance. Therefore, any sentences that have been or will be imposed in the related Criminal Case No. 06-021 are

not relevant to the Court's consideration of an appropriate sentence in this case. *Id.* at ¶ 4.

### E. The Need to Provide Restitution to Any Victims of the Offense (18 U.S.C. § 3553(a)(7)).

Section 3553(a)(7) directs sentencing judges to consider "the need to provide restitution to any victims of the offense." There are no discernable victims who incurred a financial loss in this case. *Id.* at ¶ 15.

## IV. <u>CONCLUSION</u>

The Sentencing Reform Act provides a list of goals for sentencing judges to consider when imposing sentence, including: (1) promoting respect for the law, (2) providing just punishment for the offense given the circumstances, (3) affording adequate deterrence for criminal conduct, (4) protecting the public, and (5) providing Ms. Graves with reasonable rehabilitative services. A sentence of time served followed by a period of supervised release will achieve the above-listed objectives.

Respectfully submitted,
The Law Offices of J.E. Barber, PC

_____/S/_____
By: Jensen E. Barber, II, Esquire
Bar No. 376325
400 7th Street, NW, Suite 400
Washington, D.C. 20004-2242
202-638-8711
jebarberpc@aol.com
*On Behalf of India Graves*

Page -8-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2008, a copy of the foregoing was served through the electronic document filing system of the United States District Court for the District of Columbia to the attorneys of record in the above-captioned case

_____/s/_____
Jensen E. Barber II

cc:    George Eliopoulos, Esquire
       Anthony Scarpelli, Esquire
       Assistant United States Attorneys

       Kelli Griffin Cave
       US Probation Officer